WILMA BERGIN et al., Respondents, v. RALPH BALONIA et al., Appellants.— In an action to recover damages for injuries to person and property, for medical and other expenses and for loss of services, resulting from a collision between plaintiffs' automobile and defendants' truck, defendants appeal from an order denying their motion to dismiss the complaint for failure to prosecute the action diligently. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

EDNA M. BRAY et al., Plaintiffs, v. OLAF JOHNSON, Respondent; JAMES A. McDONALD, Defendant, and CITY OF NEW YORK, Appellant.— Order denying appellant's motion for contribution pursuant to section 211-a of the Civil Practice Act reversed on the law and the facts, with $10 costs and disbursements, and motion granted, with $10 costs. Accepting as true the respondent's claim of an agreement between him and plaintiffs to limit the extent of his liability if any were found by the jury, such agreement, made without appellant's knowledge or consent, could not defeat its right to contribution. Judgment was entered against respondent and appellant, and the latter paid more than its pro rata share thereof. (Civ. Prac. Act, § 211-a; cf. Dee v. Spencer, 233 App. Div. 217.) The respondent presented no defense to appellant's claim, and no reason for a plenary action is disclosed. (Cf. Neenan v. Woodside Astoria Transp. Co., 261 N. Y. 159.) Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

VINCENT E. FERRETTI, Respondent, v. TECH LABORATORIES, INC., Appellant.— In an action against a foreign corporation, not authorized to do business in the State of New York, order denying defendant's motion pursuant to section 237-a of the Civil Practice Act, reversed, with $10 costs and disbursements, and motion granted, without costs. The record establishes that defendant was not doing business in the State of New York at the time of the transactions set forth in the moving affidavits, nor at the time of the commencement of the action. (Cf. Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Chaplin v. Selznick, 293 N. Y. 529, and Elish v. St. Louis Southwestern Ry. Co., 305 N. Y. 267.) The retention by the defendant of the plaintiff as a "Government Contract specialist" and the services performed by him did not constitute him a managing agent, nor subject the defendant to the jurisdiction of the courts of this State. (Cf. Wollman v. Newark Star Pub. Co., 229 N. Y. 590.) Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

LUCY FRAIOLI, Appellant, v. THOMAS FRAIOLI, Respondent.— In a separation action, order denying motion for temporary alimony and counsel fees, and referring to the discretion of the trial justice the matter of allowing a counsel fee to plaintiff, affirmed, without costs. No opinion. Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.